**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JACKSON HEWITT INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:26-cv-00206-BO |
| | ) | |
| LACY DRUMMOND, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

WHEREAS, Plaintiff Jackson Hewitt Inc. ("Jackson Hewitt") filed this action against Defendant Lacy Drummond ("Drummond") asserting claims for misappropriation of trade secrets, unauthorized computer access, unfair and deceptive trade practices, and other related claims;

WHEREAS, Drummond denies any and all liability or wrongdoing alleged by Jackson Hewitt in this action, and Drummond enters into this Consent Judgment and Permanent Injunction solely for purposes of settlement and to avoid the further expense, distraction, and uncertainty of litigation;

WHEREAS, Jackson Hewitt and Drummond (together, the "Parties") have entered into a Settlement Agreement resolving this action (the "Settlement Agreement") and have consented to the entry of this Consent Judgment and Permanent Injunction;

NOW, THEREFORE, upon the consent of the Parties, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. Drummond shall not use, disclose, copy, transfer, or otherwise exploit any and all trade secrets, Confidential Information, and proprietary materials belonging to Jackson Hewitt, including but not limited to client lists, Jackson Hewitt client contact information, Jackson Hewitt

client tax information, Jackson Hewitt client tax return documents, Jackson Hewitt financial products applications, and any information derived therefrom.

2. Within five (5) days of providing the information required under Paragraph 3 of the Settlement Agreement, Drummond shall turn over to a mutually agreed-upon forensic examiner all devices identified pursuant to Paragraph 3(a) of the Settlement Agreement.

3. The forensic examiner shall permanently delete and wipe clean the entire contents, including all data, files, software, and operating system, from each device turned over pursuant to Paragraph 2 of this Consent Judgment and Permanent Injunction. Upon completion, the forensic examiner shall provide a written certification, substantially in the form attached hereto as **Exhibit A**, to counsel for both Parties and to the Court confirming that the contents of all such devices have been permanently deleted and are not recoverable, and shall return the wiped devices to Drummond. The forensic examiner's fees and costs shall be borne solely by Drummond.

4. With respect to each cloud storage account, email account, and other electronic account identified pursuant to Paragraph 3(b) of the Settlement Agreement, Drummond shall conduct a diligent search of such account and shall permanently delete all communications received from or sent to Jackson Hewitt clients, all attachments to such communications, and all other Jackson Hewitt trade secrets, Confidential Information, or client information stored therein.

5. Through April 15, 2027, Drummond shall not directly or indirectly solicit, contact, or provide tax preparation services to any individual Drummond knows is identified on the client lists she exported from JHNet, or any individual whose tax information or documents she accessed through JHNet or ProFiler, unless that individual independently contacts Drummond without any solicitation, advertising directed at Jackson Hewitt clients, or use of Jackson Hewitt's Confidential Information.

6. Drummond shall not use any information obtained from Jackson Hewitt's systems, including but not limited to client names, addresses, phone numbers, financial data, tax return information, or prior-year filing history, for any purpose, including but not limited to soliciting clients, preparing tax returns, marketing her services, or operating any competing business.

7. Drummond shall not, directly, indirectly, or through any alias or third party, use the name "Jackson Hewitt," any Jackson Hewitt trademark, service mark, trade name, or logo, or any name or mark confusingly similar thereto, in any capacity or for any purpose, including but not limited to in connection with any business, advertising, marketing, signage, website, domain name, search engine keyword, email, or social media account, profile, post, or handle.

8. Within twenty-one (21) days of entry of this Consent Judgment and Permanent Injunction, Drummond shall file with the Court a sworn declaration, substantially in the form attached hereto as **Exhibit B**, certifying that she has complied with this Consent Judgment and Permanent Injunction and the Settlement Agreement, including certifying that she has (a) permanently destroyed all documents, data, and copies thereof containing or derived from Jackson Hewitt's trade secrets or Confidential Information that existed in non-electronic form; (b) identified all devices and accounts subject to Paragraph 3 of the Settlement Agreement and Paragraph 2 of this Consent Judgment and Permanent Injunction; (c) conducted the diligent search and deletion required by Paragraph 4 of this Consent Judgment and Permanent Injunction; and (d) not retained any copies of Jackson Hewitt trade secrets, Confidential Information, or client information in any form or medium. The declaration required by this Paragraph shall be the only certification of compliance Drummond is required to provide under this Consent Judgment and Permanent Injunction and the Settlement Agreement.

9. This Court shall retain jurisdiction over the Parties for purposes of enforcing this Consent Judgment and Permanent Injunction.

10. This Consent Judgment and Permanent Injunction constitutes a final judgment resolving all claims asserted in this action. Except as otherwise provided in the Settlement Agreement, each Party shall bear its own attorneys' fees and costs.

SO ORDERED this 7 day of August, 2026.

Terrence Boyle

UNITED STATES DISTRICT JUDGE

**CONSENTED AND AGREED TO:**

*/s/ Bettie Kelley Sousa*
Bettie Kelley Sousa, Esq.
NC Bar No. 9902
Smith Debnam Narron Drake
Saintsing & Myers, LLP
P.O. Box 176010
Raleigh, NC 27609
919-250-2105
bsousa@smithdebnamlaw.com

Benjamin B. Reed, Esq.
Nathan Baney, Esq.
Plave Koch PLC
3120 Fairview Park Drive, Suite 420
Falls Church, Virginia 22042
703-774-1200
*Counsel for Plaintiff*
*Jackson Hewitt Inc.*

Lacy Drummond
Lacy Drummond

*/s/ Colin Shive*
Colin Shive, Esq.
NC Bar No. 43202
THARRINGTON SMITH, L.L.P.
15 Fayetteville St., Suite 1900
P.O. Box 1151
Raleigh, NC 27602
Phone: 919-821-4711
Fax: 919-829-1583
cshive@tharringtonsmith.com
*Counsel for Defendant*
*Lacy Drummond*

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JACKSON HEWITT INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:26-cv-00206-BO |
| | ) | |
| LACY DRUMMOND, | ) | |
| | ) | |
| Defendant. | ) | |
| ________________________________ | ) | |

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

**CERTIFICATION OF FORENSIC EXAMINER**

I, ______________________________________, declare as follows:

1. My address is ______________________________________________.

2. My present employer is ________________________________________.

3. My present occupation or job description is _________________________.

4. I was engaged as the mutually agreed-upon forensic examiner pursuant to Paragraph 2 of the Consent Judgment and Permanent Injunction entered in this action on ______________, 20____.

5. On ______________, 20____, I received from Defendant Lacy Drummond the following devices, identified by make, model, and serial number: ____________________________________________________________________________ ________________________________.

6. I have permanently deleted and wiped clean the entire contents, including all data, files, software, and operating system, from each device identified in Paragraph 5.

7. The contents of each device identified in Paragraph 5 have been permanently deleted and are not recoverable.

8. I have returned each device identified in Paragraph 5 to Defendant Lacy Drummond.

9. I have provided a copy of this Certification to counsel for both parties.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ____ day of _______________, 20____, at ____________________.

______________________________________
FORENSIC EXAMINER

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JACKSON HEWITT INC., Plaintiff, | ) | |
| v. | ) | Civil Action No. 5:26-cv-00206-BO |
| LACY DRUMMOND, Defendant. | ) | |

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

**DECLARATION OF COMPLIANCE**

I, Lacy Drummond, declare as follows:

1. I am the Defendant in the above-captioned action. I have personal knowledge of the matters set forth in this Declaration and am competent to testify to them.

2. The Court entered the Consent Judgment and Permanent Injunction in this action on _______________, 20____.

3. I have carefully read and understand the provisions of the Consent Judgment and Permanent Injunction and of the Settlement Agreement between me and Jackson Hewitt Inc.

4. I have permanently destroyed all documents, data, and copies thereof containing or derived from Jackson Hewitt's trade secrets or Confidential Information that existed in non-electronic form.

5. I have identified under oath all devices in my possession, custody, or control on which ProFiler is or was installed or on which Jackson Hewitt's trade secrets or Confidential Information reside or were downloaded, and I have turned over all such devices to the forensic examiner.

6. I have identified under oath all cloud storage accounts, email accounts, and other electronic accounts in my possession, custody, or control at which I was contacted by Jackson Hewitt clients during the period of my employment with any Jackson Hewitt franchisee.

7. With respect to each account identified in Paragraph 6, I have conducted a diligent search and have permanently deleted all communications received from or sent to Jackson Hewitt clients, all attachments to such communications, and all other Jackson Hewitt trade secrets, Confidential Information, or client information stored therein.

8. I have not retained any copies of Jackson Hewitt trade secrets, Confidential Information, or client information in any form or medium.

9. I have complied in all respects with the Consent Judgment and Permanent Injunction and with the Settlement Agreement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ____ day of _______________, 20____, at ____________________.

_______________________________________
LACY DRUMMOND